IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00726-ZLW

ANTOINE JONES,

    Plaintiff,

v.

WARDEN SARA M. REVELL,
WARDEN BLAKE R. DAVIS,
WARDEN J.M. WILNER,
WARDEN CHARLES DANIEL,
A.W. J.C. HOLLAND,
A.W. M. USINIC L.J.,
UNIT MANAGER MRS. WILNER,
ATTORNEY TERESA MONTOYA ESQ., and
UNKNOWN NAME MAILROOM STAFF,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 28 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER GRANTING MOTION TO RECONSIDER

---

Plaintiff, Antoine Jones, a federal prisoner who is currently incarcerated at the United States Penitentiary in Florence, Colorado, filed a *pro se* letter with the Court on May 18, 2010. Mr. Jones asserts that the letter is filed in response to the Court's May 11, 2010, Order of Dismissal. The Court must construe the letter liberally because Mr. Jones is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The letter, therefore, will be construed as a Motion to Reconsider and will be granted for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Jones filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In an order entered on March 30, 2010, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and instructed Mr. Jones to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Jones to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint on the court-approved forms. Mr. Jones was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On April 8, 2010, Mr. Jones filed a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved forms. However, the Court found that the § 1915 Motion and Affidavit form was deficient because the account statement Mr. Jones attached was not certified by the appropriate official at his facility. Therefore, on May 11, 2010, the Court entered an

order dismissing Mr. Jones' complaint without prejudice for failure to cure all noted deficiencies.

In Mr. Jones' Motion to Reconsider, he asserts that he requested an inmate account statement from his counselor and that his counselor mistakenly provided him with an account statement that was not certified. Mr. Jones has now provided a certified inmate account statement to the Court. In addition, the Court notes that, in its March 30 Order Directing Plaintiff to Cure Deficiency, the Court inadvertently failed to inform Mr. Jones that he was required to provide a certified inmate account statement. Instead, Mr. Jones was only directed to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved form. It is not clear whether Mr. Jones was aware of the requirement for a certified account statement when he first requested a statement from his counselor. Nonetheless, because Mr. Jones was not previously warned that he must submit a certified account statement, out of fairness to him, the Court finds that the case must be reopened. Therefore, the Motion to Reconsider will be granted. Mr. Jones will be granted leave to proceed *in forma pauperis* by separate order. Accordingly, it is

ORDERED that the letter to the Court filed on May 18, 2010, which the Court has construed liberally as a Fed. R. Civ. P. 59(e) motion, is granted. It is

FURTHER ORDERED that the May 11, 2010, dismissal order and judgment are vacated. It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the *pro se* docket. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED at Denver, Colorado, this 28th day of May, 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00726-ZLW

Antoine Jones
Reg No. 18600-016
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/28/10

GREGORY C. LANGHAM, CLERK

By_____
      Deputy Clerk