IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00726-BNB

ANTOINE JONES,

    Plaintiff,

v.

WARDEN SARA M. REVELL,
WARDEN BLAKE R. DAVIS,
WARDEN J.M. WILNER,
WARDEN CHARLES DANIEL,
A.W. L.J. MUSINIC,
A.W. J.C. HOLLAND,
UNIT MANAGER MRS. WILNER,
ATTORNEY TERESA MONTOYA ESQ.,
UNKNOWN NAME MAILROOM SUPERVISOR,
UNKNOWN NAME MAILROOM STAFF, and
COUNSELOR UNWIN,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2010

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AND FINAL AMENDED COMPLAINT

Plaintiff, Antoine Jones, is a prisoner in the custody of the Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Jones initiated this action by filing a *pro se* civil rights complaint for money damages pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On July 7, 2010, the Court determined that the Complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure, and failed to

allege the personal participation of each named Defendant. Accordingly, Mr. Jones was directed to submit an Amended Complaint, which he filed on August 5, 2010.

The Court must construe the Amended Complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be directed to file a Second and Final Amended Complaint.

In the Amended Complaint, Mr. Jones purports to bring three claims for relief related to loss of his legal materials and denial of access to the courts. However, instead of asserting his claims on the court-approved form, Mr. Jones merely cites to a document that is attached to the Amended Complaint. In the attachment to the Amended Complaint, Mr. Jones also does not assert any claims for relief. Instead, he lists each Defendant, and provides a short statement regarding the alleged wrongs committed against him by that Defendant. In the attachment, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the Amended Complaint and the attachment are vague and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Amended Complaint and attachment fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Jones must present his claims in a manageable format that allows the Court and the Defendants know what claims are being asserted and to be able to respond to those claims. Mr. Jones must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. Instead of citing to any attachments,

3

Mr. Jones must assert his claims on the court-approved form, and must complete each section of the form, including the nature of the case, a short and plain statement of each of his claims for relief, and his request for relief. In order for Mr. Jones to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Jones, therefore, will be directed to file a Second and Final Amended Complaint that is filed on the court-approved complaint form and legible to read, and that alleges, clearly and concisely, the asserted claims, what rights were violated, and specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Antoine Jones, **within thirty days from the date of this order** file a Second and Final Amended Complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Jones, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the Second and Final Amended Complaint. It is

FURTHER ORDERED that the Second and Final Amended Complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Jones fails to file a Second and Final Amended Complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED August 17, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 10-cv-00726-BNB

Antoine Jones
Reg No. 18600-016
USP - Florence
P.O. Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint form** to the above-named individuals on  8/17/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk