IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00726-BNB

ANTOINE JONES,

    Plaintiff,

v.

SARA M. REVELL,
BLAKE R. DAVIS,
J.M. WILNER,
CHARLES DANIEL,
J.C. HOLLAND,
L.J. MUSINIC,
MRS. WILNER,
TERESA MONTOYA,
UNKNOWN NAME MAILROOM SUPERVISOR,
UNKNOWN NAME MAILROOM STAFF, and
COUNSELOR UNWIN,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 13 2010

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

Plaintiff, Antoine Jones, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Jones initiated this action by filing a *pro se* Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). He has been granted leave to proceed *in forma pauperis*.

On July 7, 2010, Magistrate Judge Craig B. Shaffer reviewed the complaint and determined it was deficient because Mr. Jones failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to assert the personal participation of each

named defendant. Therefore, Magistrate Judge Shaffer ordered Mr. Jones to file an amended complaint, which he filed on August 5, 2010.

On August 17, 2010, Magistrate Judge Boyd N. Boland reviewed the amended complaint and determined that it was deficient because it again failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Therefore, Magistrate Judge Boland directed Mr. Jones to file a second and final amended complaint, which he filed on August 26, 2010.

The Court must construe the second amended complaint liberally because Mr. Jones is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Jones has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under *Bivens*, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of federal law. For the reasons stated below, the second amended complaint will be dismissed in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Jones asserts four claims in the second amended complaint. In his first claim, he asserts that the mail room staff at his facility have violated his First and Sixth Amendment rights by continuously opening clearly marked "special" mail that contains

2

privileged communications from his attorney. Second Amended Complaint at 8. Mr. Jones asserts that he has repeatedly discussed this issue with the mail room supervisor, who has ignored his concerns and failed to correct the issue. *Id.* In his second claim, Mr. Jones alleges that Defendant Unwin confiscated forty trial transcripts from him and only allowed Mr. Jones to read the trial transcripts in his office. Second Amended Complaint at 9. Also in his second claim, Mr. Jones asserts that Defendant Mrs. Wilner instructed Defendant Unwin to confiscate his trial transcripts, and read his privileged mail on one occasion. *Id.* In his third claim, Mr. Jones asserts that he spoke to Defendant Wardens Revell, Davis, Wilner, Daniel, and Holland regarding the mail room's policy of opening his privileged mail outside his presence, and that these Defendants failed to act on or correct the alleged constitutional violations. *Id.* at 10. In his fourth claim, Mr. Jones asserts that Defendant Musinic wrote a BOP memorandum that gave Defendant Unwin the authority to confiscate Mr. Jones' trial transcripts. *Id.* at 11. He also asserts that he contacted Defendant Teresa Montoya, an attorney for the BOP, but that she failed to assist him in obtaining the return of his trial transcripts. *Id.* at 11.

In his second claim, Mr. Jones asserts that he was denied his First Amendment right to access the courts because Defendant Unwin confiscated approximately forty trial transcripts from him. However, Mr. Jones does not assert that he was unable to access or read the trial transcripts, but merely that he was forced to view them in Defendant Unwin's office. Second Amended Complaint at 9.

To assert a claim for denial of access to the courts, Mr. Jones must plead and prove that he was actually impeded in his ability to conduct a particular case. *See*

*Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a non-frivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Id.* at 351. In addition, an inmate's efforts would be hindered when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.*

Neither of the examples set forth in *Casey* are at issue in this case. Mr. Jones admits that he was actually allowed to access the trial transcripts, but complains that he was forced to read them in Mr. Unwin's office and only during certain times. Second Amended Complaint at 9. These allegations fail to state an actual injury in this case. *See Casey*, 518 U.S. at 349-353. Therefore, Mr. Jones fails to allege facts that might support an arguable claim against Defendant Unwin.

Also in his second claim, Mr. Jones asserts that Defendant Mrs. Wilner denied him access to the courts by failing to assist him in recovering his trial transcripts. Second Amended Complaint at 9. However, as set forth above, Mr. Jones' claim that

he was forced to read his trial transcripts in Defendant Unwin's office does not state an arguable claim for denial of access to the courts. *See Casey*, 518 U.S. at 349-353.

Finally, in his second claim, Mr. Jones alleges that Defendant Mrs. Wilner opened and read his attorney-client mail in his presence on May 12, 2009, an alleged violation of his First Amendment right. Mr. Jones asserts that, after reading the mail, Defendant Mrs. Wilner returned it to him. In *Smith v. Maschner*, 899 F.2d 940 (10th Cir.1990), the Tenth Circuit considered an inmate's claim that his constitutional rights were violated when prison officials opened and inspected his legal mail. *See id.* at 943-44. In that case, prison officials opened one piece of constitutionally protected legal mail by accident. The Tenth Circuit held that "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Id.* at 944. In addition, prison officials may open an inmate's incoming legal mail to search for contraband in the presence of the inmate. *See Wolff v. McDonnell*, 418 U.S. 539, 577 (1974). Because Mr. Jones alleges that Defendant Mrs. Wilner opened his legal mail in his presence on a single occasion, and further alleges that the mail was promptly returned to him "without any evidence of improper motive or resulting interference with [his] right to counsel or access to the courts," this incident "does not give rise to a constitutional violation." *Smith*, 899 F.2d at 944; *see also Berger v. White*, 12 Fed. Appx. 768, 771 (10th Cir. April 27, 2001) (unpublished opinion) (finding that a single incident of a prison official opening an inmate's constitutionally protected legal mail does not support a civil rights claim). Accordingly, Mr. Jones' second claim will be dismissed

in its entirety because it fails to allege facts that may state an arguable constitutional claim.

In Mr. Jones' fourth claim, he argues that Defendants Musinic and Montoya denied him access to the courts because Defendant Musinic wrote a BOP memorandum that provided Defendant Unwin the authority to confiscate his transcripts and because Defendant Montoya failed to assist him in getting his transcripts returned. Second Amended Complaint at 11. However, as set forth above, Mr. Jones' allegations with respect to the fact that he was required to read his transcripts in Defendant Unwin's office do not state a claim for denial of access to the courts. Accordingly, Mr. Jones' fourth claim will be dismissed in its entirety because it fails to allege facts that may state an arguable constitutional claim.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that the remaining First Amendment claims based on interference with Mr. Jones' legal mail, contained in claims one and three, do not appear to be appropriate for summary dismissal. Therefore, the Court has determined that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. The remaining Defendants are Sara M. Revell, Blake R. Davis, J.M. Wilner, Charles Daniel, J.C. Holland, Mailroom Supervisor and Mailroom Staff. All other Defendants will be dismissed as parties to this action. Accordingly, it is

ORDERED that Plaintiff's second and fourth claims are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). It is

FURTHER ORDERED that Defendants L.J. Musinic, Mrs. Wilner, Teresa Montoya and Counselor Unwin are dismissed as parties to this action because the claims against them are legally frivolous. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __13th__ day of __October__, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00726-BNB

Antoine Jones
Reg No. 18600-016
USP - Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/13/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk