IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00726-REB-BNB

ANTOINE JONES,

Plaintiff,

v.

SARA M. REVELL,
BLAKE R. DAVIS,
J.M. WILNER,
CHARLES DANIEL,
J.C. HOLLAND,
UNKNOWN NAME MAILROOM SUPERVISOR,
UNKNOWN NAME MAILROOM STAFF,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Reconsideration Motion on Order to Dismiss in Part, and Appellant Requesting Leave to Amend Complaint** [Doc. #29, filed 11/02/2010] (the "Motion"). The Motion is DENIED WITHOUT PREJUDICE.

The plaintiff filed his Amended Prisoner Complaint (the "Complaint") on August 5, 2010 [Doc. #14]. On October 13, 2010, several defendants and claims were dismissed [Doc. #20]. The Motion consists of additional allegations against defendants that were previously dismissed. Although the Motion does not contain a free-standing proposed second amended complaint, it is clear that the plaintiff is seeking to amend his Complaint. I construe the motion solely as a motion to amend the Complaint.

Rule 15, Fed.R.Civ.P., provides that a complaint may be amended once as a matter of

course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at 15(a)(2).

Because the plaintiff submitted the Motion within 21 days after service of the Complaint, he is permitted under Rule 15 to amend his Complaint once as a matter of course. However, the plaintiff may not amend his Complaint by simply filing piecemeal amendments and supplements. Rather, he must file the entire proposed second amended complaint. The plaintiff may not incorporate by reference his original Complaint or his Amended Complaint into the proposed second amended complaint. The proposed second amended complaint must stand alone; it must contain all of the plaintiff's claims. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotations and citations omitted). Accordingly,

IT IS ORDERED that the Motion is construed as a motion to amend the Complaint.

IT IS FURTHER ORDERED that the Motion is  is DENIED WITHOUT PREJUDICE, subject to compliance with this Order.

Dated November 10, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge