IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00726-REB-BNB

ANTOINE JONES,

Plaintiff,

v.

SARA M. REVELL,
BLAKE R. DAVIS,
J.M. WILNER,
CHARLES DANIEL,
J.C. HOLLAND,
UNKNOWN NAME MAILROOM SUPERVISOR,
UNKNOWN NAME MAILROOM STAFF,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the **Defendants' Motion to Reconsider Order Granting
Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*** [Doc. #35, filed 11/17/2010] (the
"Motion") and my Order to Show Cause [Doc. #39, issued November 19, 2010]. I respectfully
RECOMMEND that the Motion be GRANTED and that this case be DISMISSED WITHOUT
PREJUDICE.

The plaintiff is currently incarcerated by the Federal Bureau of Prisons at the United
States Penitentiary in Florence, Colorado. He initiated this action by filing a *pro se*
civil rights complaint [Doc. #3] and a Prisoner's Motion and Affidavit for Leave to Proceed
Pursuant to 28 U.S.C. § 1915 [Doc. #1]. On June 1, 2010, I entered an order [Doc. #10] granting
the plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The defendants request that I reconsider and vacate my order allowing the plaintiff to proceed *in forma pauperis* because the plaintiff has received at least five "strikes" under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Section 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

My review of the court records attached to the Motion indicates that the plaintiff has filed at least six lawsuits in a court of the United States while he was incarcerated, and that at least three of the complaints were dismissed as frivolous or for failure to state a claim. Jones v. Delaney, 610 F.Supp.2d, 46 (D.D.C. 2009) (dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A); Jones v. Lieber, 606 F.Supp.2d 53 (D.D.C. 2009) (dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii)); Jones v. Horne, No. 07-cv-1300-RJL, 2008 WL 2202375 (D.D.C. May 27, 2008) (dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); Jones v. Gikas, No. 07-cv-1068-RJL, 2008 WL 22022664 (D.D.C. May 27, 2008) (dismissed pursuant to Heck v. Humphrey); Jones v. Kirchner, No. 07-cv-1063-RJL, 2008 WL 2202220 (D.D.C. May 27, 2008) (dismissed pursuant to Heck v. Humphrey); and Jones v.Yanta, No. 07-cv-1172-RJL, 2008 WL 2202219 (D.D.C. May 27, 2008) (dismissed pursuant to Heck v. Humphrey).

In addition, a United States district judge has found that the plaintiff has accumulated more than three strikes for purposes of the PLRA and that the plaintiff no longer qualified for *in*

*forma pauperis* status unless he can demonstrate that he is in imminent danger of serious physical injury.  Jones v. Lieber, 10-cv-0768-UNA (D.D.C. May 13, 2010).  Consequently, the plaintiff may proceed *in forma pauperis* in this action only if he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

I look to the allegations in the plaintiff's third amended complaint [Doc. #18] (the "Complaint") to determine whether the plaintiff is "under imminent danger of serious physical injury."  Fuller v. Myers, 123 Fed.Appx. 365, 366 (10th Cir. 2005).  Because the plaintiff is proceeding *pro se*, I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  "To meet his burden under § 1915(g), the inmate must provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Fuller, 123 Fed.Appx. at 366 (internal quotations and citation omitted).  "Vague or conclusory allegations of harm are insufficient."  Id.

In his Complaint, the plaintiff alleges that prison officials confiscated legal materials and opened his legal mail.  These allegations are not "specific fact allegations of ongoing physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," and they do not establish that the plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Consequently, I ordered the plaintiff pursuant to Local Rule of Practice 41.1, D.C.COLO.LCivR,[1] to show cause why this case should not be dismissed for failure to comply

---

[1]Rule 41.1 provides:

A judicial officer may issue an order to show cause why a case

with the district judge's order in <u>Jones v. Lieber</u>, 10-cv-0768-UNA (D.D.C. May 13, 2010).  I

warned the plaintiff that his failure to show cause would result in my recommendation that the

case be dismissed without prejudice.

The plaintiff subsequently filed three papers which address this issue.  The plaintiff

argues that <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), is no longer a bar to four of the cases that

were dismissed because the plaintiff has succeeded in overturning his conviction.  *Plaintiff*

*Opposing Defendants' Motion to Reconsider* . . . [Doc. #41]; *Plaintiff (second) Response to*

*Defendant Motion to Reconsider* . . . [Doc. #42].  The record shows, and the plaintiff admits, that

a district court dismissed four separate complaints pursuant to <u>Heck v. Humphrey</u> on May 27,

2008.  *Motion*, Documents 35-3, 35-4, 35-5, and 35-6; *Supplemental Motion* [Doc. #43], p. 3;[2]

*Plaintiff Opposing Defendants' Motion to Reconsider* . . . [Doc. #41], p. 2.

In <u>Heck</u>, the Supreme Court held that if a judgment for damages favorable to a prisoner

in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or

sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or

called into question by the issuance of a federal habeas writ.  <u>See</u> <u>Heck</u>, 512 U.S. at 486-87.

---

should not be dismissed for lack of prosecution or for failure to
comply with these rules, the Federal Rules of Civil Procedure, or
any court order.  If good cause is not shown within the time set in
the show cause order, a district judge or a magistrate judge
exercising consent jurisdiction may enter an order of dismissal
with or without prejudice.

[2]I cite to the page numbers of the plaintiff's papers as assigned by the court's docketing
system.

4

The plaintiff cites <u>United States v. Maynard</u>, 615 F.3d 544 (D.C. Cir. 2010), to show that his conviction was overturned.  According to <u>Maynard</u>, the plaintiff was convicted in January 2008.  <u>Id.</u> at 549.  The conviction was not overturned until August 6, 2010.  <u>Id.</u> at 568.   Thus, the four cases were barred by <u>Heck</u> at the time they were dismissed on May 27, 2008, and the strikes were properly assessed.  The subsequent reversal of the plaintiff's conviction does not erase the fact that he lacked a valid cause of action at the time the four cases were filed.

The plaintiff next argues that the law does not allow assessment of a strike in a case dismissed pursuant to <u>Heck</u>.  *Supplemental Motion* [Doc. #43], pp. 2-4.  To the contrary, many courts have held that <u>Heck</u> dismissals are "strikes" for purposes of § 1915(g) even though they are dismissals without prejudice.  As stated by the court in <u>Ransom v. Westphal</u>, No. 1:08-1327DMS(AJB), 2010 WL 1494557 (E.D. Cal. 2010 April 14, 2010):

> The Supreme Court in <u>Heck</u> stated its ruling was based on a denial of "the existence of a cause of action."  <u>Heck</u>, 512 U.S. at 489.  Other courts have therefore expressed the opinion that a <u>Heck</u> dismissal is based on a claim that is frivolous or fails to state a claim upon which relief can be granted and amounts to a strike.  <u>See</u> <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102 (5th Cir.1996) ("A § 1983 claim which falls under the rule in <u>Heck</u> is legally frivolous."); <u>Sandles v. Randa</u>, 945 F.Supp. 169, 172 (E.D.Wis., 1996) (dismissal of claim under <u>Heck</u> is frivolous and constitutes strike under § 1915(g)); <u>Okorov. Bowman</u>, 164 F.3d 1059, 1061 (7th Cir.1999) (commenting that previous case dismissed as frivolous under <u>Heck</u> ); <u>Schafer v. Moore</u>, 46 F.3d 43 (8th Cir.1995) ("Therefore, in light of <u>Heck,</u> the complaint was properly dismissed for failure to state a claim."); <u>Franklin v. Cody</u>, slip copy at *6, n. 3, 2010 WL 330348 (E.D.Ark.2010) ("Dismissals pursuant to <u>Heck</u> are 'strikes' for the purpose of § 1915(g), even though they are dismissals without prejudice.").

<u>Id.</u> at *3.

Indeed, this district has recognized a dismissal under <u>Heck</u> as a strike, <u>Hatten v. Andert</u>, No. 10-cv-00601-CMA-MJW, 2010 WL 4054185 (D.Colo. Oct. 14, 2010), and the circuit court has affirmed a district court's decision to dismiss a complaint in part under <u>Heck</u> as frivolous under § 1915(b)(1) and as a strike under § 1915(g).  <u>Webber v. Weaver</u>, 6 Fed.Appx. 706 (10th Cir. March 9, 2001).  <u>See</u> <u>also</u> <u>McCone v. Wyoming Attorney General</u>, 16 Fed.Appx. 977 (10th Cir. Aug. 14, 2001) (upholding the district court's dismissal of the complaint in part pursuant to <u>Heck</u> and its assessment of a strike under § 1915(g)).

The plaintiff further argues that he voluntarily withdrew the complaint in <u>Jones v. Delaney</u>, 610 F.Supp.2d, 46 (D.D.C. 2009) (dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A), and therefore the <u>Delaney</u> case should not count as a strike against him.  *Plaintiff Opposing Defendants' Motion to Reconsider . . .* [Doc. #41], p. 3; *Supplemental Motion* [Doc. #43], p. 4.  The record shows that the plaintiff had more than three strikes against him regardless of whether <u>Delaney</u> is counted as a strike.

Finally, the plaintiff asserts that he is in imminent danger because his legal mail continues to be opened by prison staff and he "could be in danger of retaliation by the mail room staff, and they could continues [sic] violating plaintiff [sic] constitutional rights because plaintiff is broke, poor, and have [sic] only 1 [cent] in his account."  *Plaintiff (second) Response to Defendant Motion to Reconsider . . .* [Doc. #42], pp. 3-4.  The plaintiff has failed to provide "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Therefore, he has failed to establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plaintiff admits that he cannot pay the filing fee in full. *Plaintiff Opposing Defendants' Motion to Reconsider . . .* [Doc. #41], p. 5. Accordingly,

I respectfully RECOMMEND that the Motion be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41.1 for failure to comply with the district judge's order in Jones v. Lieber, 10-cv-0768-UNA (D.D.C. May 13, 2010).

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 22, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge