**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-00726-REB-BNB

ANTOINE JONES,

    Plaintiff,

v.

SARA M. REVELL,
BLAKE R. DAVIS,
J.M. WILNER,
CHARLES DANIEL,
J.C. HOLLAND,
UNKNOWN NAME MAILROOM SUPERVISOR,
UNKNOWN NAME MAILROOM STAFF,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Defendants' Motion To Reconsider Order Granting Plaintiff's Motion for Leave To Proceed *In Forma Pauperis*** [#35][1] filed November 17, 2010; (2) the **Recommendation of United States Magistrate Judge** [#47] filed December 22, 2010; and (3) plaintiff's **Response to Recommendation of United States Magistrate Judge** [#55] filed February 8, 2011, which I read as an objection to the recommendation. I overrule the objection, adopt the recommendation, grant the motion to reconsider, and dismiss this case without prejudice.

---

[1] "[#35]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed and have considered carefully the recommendation, objections, and applicable caselaw.  Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  The recommendation is detailed and well-reasoned, and, thus, I approve and adopt it as an order of this court.

As discussed by the magistrate judge, the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from bringing a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it is frivolous, malicious, or failed to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  The magistrate judge concluded appropriately that before filing this case and while incarcerated, the plaintiff had brought three or more actions that were dismissed as frivolous or for failure to state a claim on which relief can be granted.  As a result, the magistrate judge concluded that his previous order [#10] granting the plaintiff leave to proceed *in forma pauperis* in this case should be reconsidered and that this case should be dismissed based on the plaintiff's failure to comply with the § 1915(d) requirements imposed on the plaintiff in a previous case, **Jones v. Lieber**, Civil Action No. 10-cv-00768 (D.D.C., Memorandum Opinion, May 13, 2010).

The plaintiff argues in his objection to the magistrate judge's recommendation that dismissals of his previous cases based on the holding in *Heck v. Humphrey* should not count as dismissals or strikes under § 1915(d). *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that if a judgment in favor of the plaintiff in a civil case necessarily would imply the invalidity of the plaintiff's prior conviction or sentence, then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated.  *See Heck*, 512 U.S. at 486-87.  As noted by the magistrate judge, relevant caselaw holds that dismissals based on *Heck* are strikes for purposes of § 1915(g). *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 - 1313 (10th Cir. 2011) (holding that dismissals based on prematurity under *Heck* are for a failure to state a claim and, therefore, count as a strike against the prisoner under "three strikes" provision of § 1915(d)).

As detailed by the magistrate judge, four previous cases filed by the plaintiff while he was incarcerated were dismissed based on *Heck*. Two cases previously filed by the defendant while he was incarcerated were dismissed for failure to state a claim.  On May 7, 2010, United States District Judge Colleen Kollery-Kotelly outlined the plaintiff's litigious history and concluded that the plaintiff no longer qualifies to file cases *in forma pauperis* under § 1915(d), absent a threat of imminent physical injury.  *Jones v. Lieber*, Civil Action No.10-cv-00768-UNA (D.D.C. May 13, 2010) (Memorandum Opinion). Despite Judge Kollery-Kotelly's order, the plaintiff again sought to proceed *in forma pauperis* in this case.  I agree with the conclusion of the magistrate judge that plaintiff no longer qualifies to file a case in this court acting *in forma pauperis* unless the plaintiff alleges ongoing or serious physical injury.  The plaintiff makes no such allegations in this case.  The plaintiff's objections [#55] to the magistrate's recommendation are

without merit and do not present any valid challenge to the conclusions of the magistrate judge. Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#47] filed December 22, 2010, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in plaintiff's **Response to Recommendation of United States Magistrate Judge** [#55] filed February 8, 2011, are **OVERRULED**;

3. That defendant's **Motion to Reconsider Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*** [#35] filed November 17, 2010, is **GRANTED**; and

4. That this case is **DISMISSED WITHOUT PREJUDICE**.

Dated June 14, 2011, at Denver, Colorado.

                                          **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge