**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 10-cv-00726-REB-BNB

ANTOINE JONES,

    Plaintiff,

v.

SARA M. REVELL,
BLAKE R. DAVIS,
J.M. WILNER,
CHARLES DANIEL,
J.C. HOLLAND,
UNKNOWN NAME MAILROOM SUPERVISOR,
UNKNOWN NAME MAILROOM STAFF,

    Defendants.

## ORDER DENYING PENDING MOTIONS

**Blackburn, J.**

The matters before me are: (1) the plaintiff's filing captioned as "**Plaintiff is Requesting for Leave To Resubmit 4-15-2012 Motion**" [#73][1]; and (2) the plaintiff's **Motion To Reinstate, Renewal or Refile a New Civil Right Complaint** [#74], both filed May 11, 2012. I deny both motions.

Addressing the first filing [#73], it is not clear what motion the plaintiff seeks to resubmit. No motion was filed in this case on April 15, 2012. Thus, first motion [#73] is denied.

On June 14, 2011, this court entered an order [#59] dismissing this case without

---

[1] "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

prejudice. The dismissal was entered because the plaintiff sought to proceed *in forma pauperis* in this case despite the fact that the plaintiff is barred from proceeding *in forma pauperis* in this type of case under 28 U.S.C. § 1915(g). This bar is in effect because several of the plaintiff's previous cases have been dismissed as frivolous, malicious, or for failure to state a claim. The plaintiff filed an appeal. Ultimately, the United States Court of Appeals for the Tenth Circuit dismissed the appeal for lack of prosecution. *Order* [#72] filed July 27, 2011.

Some of the plaintiff's previous cases were dismissed based on the holding in **Heck v. Humphrey**, 512 U.S. 477 (1994). These dismissals are part of the basis on which the § 1915(g) bar is applicable to the plaintiff. In **Heck**, the Supreme Court held that if a judgment in favor of the plaintiff in a civil case necessarily would imply the invalidity of the plaintiff's prior conviction or sentence, then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. **See Heck**, 512 U.S. at 486-87.

In his motion to reinstate [#74], the plaintiff reports that the United States Court of Appeals for the District of Columbia Circuit reversed the conviction which was the basis of the previous dismissals of some of the plaintiff's civil cases under **Heck**. On that basis, he now seeks to re-open this case. Notably, the reversal of a conviction suffered by the plaintiff does not necessarily eliminate the bar to his *in forma pauperis* status under § 1915. Under these circumstances, if the plaintiff wishes to re-assert the claims he asserted in this case, then the plaintiff must file a new case asserting those claims. If the plaintiff chooses to file a new case, he may be required to pay the court's filing fee. In the alternative, if the plaintiff files a motion to proceed *in forma pauperis*, then the propriety of the plaintiff's request to proceed *in forma pauperis* will be determined

based on the plaintiff's showing in such a motion.  This court makes no determination concerning the plaintiff's entitlement to file *in forma pauperis* or the application of any statute of limitations to the plaintiff's potential claims.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the plaintiff's filing captioned as "**Plaintiff  is Requesting for Leave To Resubmit 4-15-2012 Motion**" [#73] filed May 11, 2012, is **DENIED**;

2.  That the plaintiff's **Motion To Reinstate, Renewal or Refile a New Civil Right Complaint** [#74] filed May 11, 2012, is **DENIED**;

3.  That the denial of these motions is without prejudice to the filing of a new civil action by the plaintiff.

Dated May 14, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge